RUSSELL COE *v.* THOMAS ENGLISH, WILLIAM D. WILDS, JOHN T. POOR and PATRICK MELLON.

Under the provision of the statute abolishing the common-law distinction between an action on the case and an action of trespass, a landlord may maintain an action of trespass for the wrongful taking of goods belonging to him on the demised premises, without his having, at the time of the taking, either the actual possession of them or the right to the immediate possession of them. And the measure of his damages in the action will be the value of goods taken.

THIS was an action of trespass for taking and carrying away the goods of the plaintiff, consisting of an Alderney bull and heifer, a Durham heifer and a sow and six pigs, from a farm belonging to him in Kenton hundred, Kent County, but who resided at the time in the State of Connecticut. The only plea was not guilty, and it was tried before Wootten and Houston, Judges, Comegys, C. J., having been of counsel for the plain-

Coe *v.* English et al.

tiff. It appeared in evidence that John R. Wilson, a citizen of the county, had been an agent of the plaintiff and overseer of the farm and the stock on it for him, and it was contended, on behalf of the defendants, that he was still his agent up to the time when the goods were taken; but George H. Thomas, another citizen of the county, testified that he was living on the farm at that time as agent and overseer of it for the plaintiff, and had possession of the stock in question as the plaintiff's property, as he always understood it. He went on the farm by agreement with Wilson, and looked on him as controlling the personal property on it, but not as owning it. On cross-examination, he could not say whether the agreement was a lease, or he was living at that time as a tenant on the premises of the plaintiff or not. It also appeared, from the statement of the counsel for the defendants in his opening, that a man by the name of Cook was employed by Wilson to work on the farm of the plaintiff, and he failed to pay him his wages, for which he sued him, as agent of the plaintiff, before a justice of the peace, and recovered judgment, from which he appealed to the superior court; and that the court dismissed the appeal, with the consent of his counsel. An execution was subsequently issued on the judgment by the justice to the said Thomas English, one of the defendants, a constable of the county, who afterwards levied it upon the goods in question, and advertised and sold them on the farm, no persons being present at the sale but the defendants, some of whom became purchasers, while others assisted them in taking the goods away, with the exception of George H. Thomas, who read a written notice to them before the sale commenced, from the counsel for the plaintiff, protesting against it and asserting that they were the property of the plaintiff, and not of John R. Wilson or any other person.

On the trial of the case the counsel for the defendants offered in evidence the record of the judgment recovered before the justice of the peace by Cook against Wilson as agent of the plaintiff, with the execution, levy and sale thereon, which was objected to by the counsel for the plaintiff because the only plea filed and the only issue joined in the case, was that of not guilty.

Coe *v.* English et al.

*Gray* for the plaintiff cited Steph. on Pl., 159; Add. on Torts, § 529, 530; 54 Barb. S. C. Reps., 411, 415; 10 Wend., 110; 5 Harr., 462.

*Bates* for the defendant, cited 3 Phil. on Ev., 186, 192; 1 Mass., 159; 8 T. R., 406; 5 Harr., 462; 2 Greenl. Ev., §§ 613 625.

*The Court* sustained the objection and ruled out the evidence offered. We understand the rule of pleading to be well settled that in an action of trespass *de bonis asportatis*, if the defendant admits the taking and carrying away of the goods, but justifies or means to endeavor to justify it, he must plead the matter of justification specially, and cannot give it in evidence under the general issue; because he confesses the taking of them and seeks to avoid it by matter of excuse or justification, which must be pleaded specially, even in an action of trespass like this. Cases, of this nature involving the ownership of goods levied on by execution more frequently arise in actions of replevin in this court, in which, at common law, the git of the action is the wrongful taking of them, and in which the general issue is, *non cepit in modo et forma*, but when in such a case a sheriff or constable justifies the taking of the goods as the property of a certain person by virtue of execution process in his hands against him, it is always pleaded specially and given in evidence under the special plea, and not under the general issue that he did not take them in the mode and form alleged, or in other words wrongfully.

The counsel for the defendants then asked for leave to amend the pleadings, but the court replied that the leave to amend asked for could not be granted at this stage of the trial.

The counsel for defendants next offered to prove by a witness called by them, that the goods in question were not the property of the plaintiff when they were levied on and sold by English, the constable, which was objected to by the counsel for the plaintiff on the ground that the evidence was not admissible under the single plea of not guilty, which put in issue only the tres-

Coe *v.* English et al.

pass alleged in the narr., or the taking and carrying away of the goods merely.

The court was equally divided upon this question, Judge Wootten being of opinion that it was not admissible, and Judge Houston that it was admissible under the plea of the general issue.

The question then arose was the evidence offered admissible or not, the court being equally divided in opinion upon it, and the judges again differed, Judge Houston remarking that the practice in this court in such cases he thought had been to let the evidence offered go to the jury, but the practice he believed was not uniform throughout the States, and as he was the junior judge on this occasion, he would acquiesce in the opinion of Judge Wootten that it must be excluded in order to get on with the case.

*Fulton* (*Gray* with him) for the plaintiff before the jury contended that it had been proved that he was the rightful and lawful owner of the farm and of the goods in question upon it, although he was residing at the time out of the State, and that Thomas was in the possession of them as his agent or overseer merely for the time being when they were taken and carried away by the defendants, and being a mere agent of the plaintiff during his will and pleasure for the purpose of taking proper care of them, such a possession of them on his part constituted a constructive possession of them on the part of the plaintiff himself who was the actual owner of them, and accordingly an action of trespass would lie at his suit to recover the full value of them, as they had been taken and carried away by the defendants and disposed of to their use. And having proved that the plaintiff was in the constructive possession of the goods at the time of the trespass complained of, he was entitled to recover in the absence of any proof that the property in them was vested in any other person.

*R. Harrington* (*Bates* with him) for the defendants, contended that if John R. Wilson was the owner of the goods, or if George

Coe *v.* English et al.

H. Thomas instead of being the servant, or agent for the time being of the plaintiff, was on the farm as his tenant of it for a year or at will, and was in possession of the goods, as such tenant, then the plaintiff was neither in the actual or constructive possession of them, and could not maintain an action of trespass for the taking and carrying of them away by the defendants, or any other persons, for in such case even, if the goods belonged to him his remedy for the damages done him would be in another form of action, technically termed an action on the case.

*The Court, Houston,* J., charged the jury that it was necessary at common law that a party should have a general or special property in the goods, and an actual or constructive possession of them at the time of the taking to maintain an action of trespass like this against any one for taking and carrying them away and disposing of them to his own use; and when the goods owned by another are not in his actual possession, but are in the possession of an agent of his with his consent, and with the right on his part to resume or retake the possession of them, or to put them in the possession of another person at his will and pleasure, it is in his constructive possession, and in that case the possession of his agent is his possession in contemplation of law, and it may be so alleged in the declaration filed in the action, and will be sustained by proof of that fact. And therefore, if we were now trying this case at common law, it would be of the greatest importance for you to consider and determine from all the evidence before you on that point, whether George H. Thomas was such an agent of the plaintiff in relation to the goods in question, and had such a possession of them as his agent when they were taken and carried away by the defendants, or whether he was then living as the tenant of the plaintiff on the farm from year to year or at will, and as such tenant had possession of the stock on the farm also, including the live stock in question, and which would have given him a right to the possession of them as such tenant, against even the plaintiff, and would have deprived him for the time being of any possession of them, or immediate right to the possession of them; for in

Coe *v.* English et al.

the former case the plaintiff would be entitled to recover at common law in this action, while in the latter case he would not be entitled to recover in it at common law, but his proper remedy would be in an action on the case for the injury to his reversionary interests in the goods, committed when he was neither in the actual or constructive possession of them, and had no immediate right to the possession of them.

But we consider that this rule or principle of the common law has been abolished by statute in this State, and the distinction just referred to between an action of trespass *de bonis asportatis* and an action on the case in such a suit as this, no longer exists under the law of this State. The words of the statutory provision are very broad, and certainly seem to have been designed to go to this extent, and by no means to stop short with those exceedingly nice and doubtful cases when it becomes extremely difficult to determine whether the injury occurring was immediate or consequential in its character. The provision is as brief as it seems to be comprehensive in its scope and meaning, and is as follows: "In all actions on the case, it shall be no objection to maintaining such actions that, but for this section, the form thereof should have been trespass; and in all actions of trespass it shall be no objection to maintaining such actions that, but for this section, the form thereof should be case." Revised Code, chap. 106, § 11, p. 648.

The practical effect of this is to give the plaintiff in this court the right to maintain this action of trespass for the wrongful taking of the goods in question, without having any actual or constructive possession of them at the time, provided the jury are satisfied from the evidence that he was then the owner of them, and that they actually belonged to him as his property, and as such, in that case, he would be entitled to your verdict, and the measure of damages which you should award him by it, should be the full value of the goods taken and carried away by the defendants, and which were thereby entirely lost to him. Had Thomas at the time been his tenant, and as such, had the exclusive possession of them for the time being, or a special property in them, he might also at the same time have main-

Coe *v.* English et al.

tained either form of action against them for the injury done to his possession of them, or special property in them, but the damages to which he would have been entitled would have been but little more than nominal merely; for in such a case no one but the actual owner of the goods is entitled to recover damages to the full value of them, as proved on the trial. If, however, you are not satisfied from what may appear to you to be the preponderance of the evidence in the case, that the plaintiff then was the actual owner of the goods, but that they then belonged to John R. Wilson, or some other person, then your verdict should be for the defendants; but if he had been, or then was but a tenant or agent of the plaintiff, or holding a relation to the farm and the goods in question, the same or similar to that which was then held by George H. Thomas in relation to them, for a principal may have at the same time two or more agents employed in and about the same matters for him, and if you should be of that opinion from the evidence, then your verdict should be for the plaintiff.

The plaintiff had a verdict.